IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

DAVID CHRISTOPHER CYS,

    Plaintiff,

v.

SHANNON CLARK, et al.,

    Defendants.

Case No. 23-CV-235-JFH-GLJ

## OPINION AND ORDER

Before the Court are the Motion to Dismiss Plaintiff's Amended Complaint, filed by Defendants Shannon Clark, Christopher Cook, and Dr. Jennifer Patchin [Dkt. No. 27], and the Motion to Dismiss Plaintiff's Amended Complaint, filed by Defendants Okmulgee County Criminal Justice Authority ("OCCJA") and Kay Johnson [Dkt. No. 35]. Plaintiff David Christopher Cys ("Cys") responded in opposition to the motions [Dkt. No. 41], and Defendants replied [Dkt. No. 42]. Additionally, Cys submitted a sur-reply [Dkt. No. 49-1].[1] For the reasons discussed herein, the Court GRANTS Defendants' motions and dismisses the amended complaint without prejudice and with leave to amend.

## BACKGROUND

Cys brings this federal civil rights actions pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights while he was housed as a pretrial detainee at OCCJA.

---

[1] Cys filed a sur-reply on March 11, 2024, without leave of court. Dkt. No. 47. Defendants moved to strike the sur-reply as unauthorized under Local Civil Rule 7.1(e). Dkt. No. 48. Cys subsequently moved for leave to file a sur-reply, attaching the proposed document to his motion. Dkt. No. 49; *see also* Dkt. No. 50. Because Cys failed to seek leave of Court prior to filing his March 11, 2024, sur-reply, the Court grants Defendants' motion to strike [Dkt. No. 48]. The Court, however, grants Cys's motion for leave and accepts the proposed document [Dkt. No. 49-1] as Cys's sur-reply to the instant motions.

Dkt. No. 13 at 2, 5-6. Cys claims:

> Defendants did knowingly and intentionally combine, conspire and agree with each other to violate Plaintiff's civil rights by refusing to administer Lyrica, for which Plaintiff has a valid p[re]scription and had been taking for over 4 years prior to his arrival at OCCJA, resulting in the wanton infliction of pain by failing to adequately treat the existence of chronic and substantial pain caused by Plaintiff's diabetic neuropathy.

*Id.* at 5. Cys further alleges:

> Defendants did knowingly and intentionally combine, conspire, and agree with each other to violate Plaintiff's civil rights by refusing to allow Plaintiff to have in his possession the supportive footwear he brought with him, required due to his diabetic neuropathy, thereby disregarding an excessive risk to Plaintiff's health and safety.

*Id.* at 6. Cys contends that these allegations support claims of deliberate indifference to his serious medical needs and cruel and unusual punishment. *Id.* at 5-6. Though Cys fails to specify whether he is suing the individual defendants in their individual or official capacities, the Court notes that Cys seeks both monetary damages and injunctive relief, and therefore liberally construes the amended complaint as asserting both individual capacity and official capacity claims. *Id.* at 7; *see Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1244 (10th Cir. 2007); *Hull v. N.M. Tax'n & Revenue Dep't's Motor Vehicle Div.*, 179 F. App'x 445, 447 (10th Cir. 2006).[2]

## LEGAL STANDARD

Defendants have moved to dismiss the amended complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted, among other deficiencies. Dkt. No. 27 at 7-12; Dkt. No. 35 at 7-12. For a complaint to survive a motion to dismiss brought under Rule 12(b)(6), "the complaint must 'allege sufficient facts to state a claim for relief plausible on its face.'" *Lucas v. Turn Key Health Clinics, LLC*, 58 F.4th 1127,

---

[2] The Court cites unpublished decisions herein as persuasive authority. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

2

1136 (10th Cir. 2023) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). While the Court construes a pro se litigant's pleadings liberally, this liberal construction, "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1175 (10th Cir. 1997).

## DISCUSSION

### I. Failure to State a Claim

Cys's allegations fail to meet the standards for fair notice and plausibility. "[T]he degree of specificity necessary to establish plausibility and fair notice, and therefore the need to include sufficient factual allegations, depends on context." *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008). In the context of § 1983 cases, where defendants "often include the government agency and a number of government actors sued in their individual capacities," it is "particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state." *Id.* at 1249-50 (emphasis in original). Where, as here, a § 1983 complaint "fails to isolate the allegedly unconstitutional acts of each defendant," it is "impossible for any of [the] individuals to ascertain what particular unconstitutional acts they are alleged to have committed." *Id.* at 1250 (finding defendants were not provided fair notice where the complaint used "the collective term 'Defendants,' . . . with no

3

distinction as to what acts [were] attributable to whom").

Rather than differentiating the alleged conduct of each defendant, Cys provides allegations against "Defendants" collectively. Dkt. No. 13 at 5-6. While Cys's response to Defendants' motions contains multiple pages of additional allegations against the Defendants, the Court cannot consider these new factual allegations in its assessment of Defendants' Rule 12(b)(6) challenge. *Smallen v. The W. Union Co.*, 950 F.3d 1297, 1305 (10th Cir. 2020) ("Generally, we only consider facts alleged in the complaint itself in evaluating the sufficiency of the complaint."). Accordingly, Cys's amended complaint "does not provide adequate notice as to the nature of the claims against each [defendant]" and is subject to dismissal. *Robbins*, 519 F.3d at 1250.[3]

## II.     Leave to Amend

In his response to Defendants' request for dismissal under Rule 12(b)(6), Cys requests leave to file a second amended complaint incorporating the new factual allegations supplied in his response and sur-reply, should the Court find that the allegations in his amended complaint fail to state a plausible claim for relief. Dkt. No. 41 at 1, 27. Cys argues that he did not have sufficient space on the Court's prescribed Pro Se Prisoner Civil Rights Complaint form to provide more detailed allegations. *Id.* at 3-4 (citing this Court's general instructions for completing a pro se prisoner civil rights complaint, including that "[a]ll questions must be answered clearly and concisely in the appropriate spaces on the form").

---

[3] Cys contends that, because the Court received his amended complaint, "it follows that the district court initially screened [his] claim[s] to determine whether [they were] frivolous, malicious, or failed to state a claim before putting the defendants to the burden of responding." Dkt. No. 41, at 4 (citing 28 U.S.C. 1915A(b)). The fact that a complaint survives preliminary screening under § 1915A, however, neither precludes a defendant from seeking dismissal under Rule 12(b)(6) nor requires a court to deny such a motion. *See Garewal v. Sliz*, 611 F. App'x 926, 931 (10th Cir. 2015) ("Simply put, the fact that a district court does not dismiss a complaint under § 1915A does not mean that the complaint will necessarily withstand a defendant's challenge to its plausibility under Rule 12(b)(6).").

"'[I]f it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend.'" *Brever v. Rockwell Int'l. Corp.*, 40 F.3d 1119, 1131 (10th Cir. 1994) (quoting 6 C. Wright & A. Miller, *Federal Practice & Procedure* § 1483, at 587 (2d ed.1990)). Where "the record clearly reflects that the non-moving party possesses additional facts necessary for an amendment and where that party has repeatedly expressed a willingness to amend, the court should reserve to the non-movant leave to amend upon dismissal of the action." *Id.* Leave to amend, however, may be denied where amendment would be futile. "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Inv.'s Servs.*, 175 F.3d 848, 859 (10th Cir. 1999).

Defendants urge the Court to find that amendment would be futile in this matter in two respects. First, Defendants assert that Cys "cannot truthfully amend his factual allegations in good faith under Fed. R. Civ. P. 11(b)(3) to make out any plausible claims against them." Dkt. No. 27, at 13; Dkt. No. 35 at 13. While the Court makes no finding as to whether the allegations presented in Cys's response and sur-reply are sufficient to state a plausible claim for relief against Defendants, it is evident that Cys "possesses additional facts" pertinent to his claims. *Brever*, 40 F.3d at 1131. His failure to supply the facts earlier appears to be due to attempted compliance with local court instructions regarding space limitations, not an unwillingness or inability to amend his complaint with the additional allegations. Accordingly, Defendants' assertion that amendment would be futile because Cys cannot allege plausible claims against them is unpersuasive.

Second, Defendants contend that amendment would be futile because Cys's "failure to properly serve Defendants [Clark, Patchin, and Johnson] cannot be cured by amendment to the pleadings." Dkt. No. 27, at 13; Dkt. No. 35, at 13. In their motions, Defendants argue that the

5

summonses for Defendants Clark, Patchin, and Johnson were served on individuals unauthorized to accept service on their behalf. Dkt. No. 27 at 4-7; Dkt. No. 35 at 4-7. In each case, the summons indicates service upon an individual "designated by law to accept service of process on behalf of" OCCJA, rather than the individual defendant. Dkt. No. 18 at 2; Dkt. No. 19, at 3; Dkt. No. 29 at 3.

>Under Federal Rule of Civil Procedure 4(e), an individual defendant may be served by:
>
>(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
>(2) doing any of the following:
>
>>(A) delivering a copy of the summons and of the complaint to the individual personally;
>>
>>(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>
>>(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). Under Oklahoma law, service by personal delivery upon an individual must be accomplished

>by delivering a copy of the summons and of the petition personally or by leaving copies thereof at the person's dwelling house or usual place of abode with some person then residing therein who is fifteen (15) years of age or older or by delivering a copy of the summons and of the petition to an agent authorized by appointment or by law to receive service of process, or by delivering a copy of the summons and of the petition personally or by leaving copies thereof at an agreed meeting place with some person then residing at the person's dwelling house or usual place of abode.

Okla. Stat. tit. 12, § 2004(C)(1)(c)(1).

Here, the individuals served were purportedly authorized by appointment or by law to receive service of process for OCCJA, not the individual defendants. Thus, service was not

6

effectuated by any method delineated in Rule 4(e), nor did service substantially comply with the statutory requirements of § 2004(C). *Hukill v. Okla. Native Am. Domestic Violence Coal.*, 542 F.3d 794, 800 (10th Cir. 2008) (noting that, "applying the substantial compliance rule, and despite the defendant's failure to deny that he had received actual notice, the Oklahoma Supreme Court nonetheless [has] held" that service is "invalid based upon the statutory requirements for service by personal delivery, where the process server served 'an employee, not the defendant, at that defendant's place of employment'" (citations omitted) (quoting *Graff v. Kelly*, 814 P.2d 489, 490 (Okla. 1991))).

Under Rule 4(m) of the Federal Rules of Civil Procedure, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). If, however, "the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* Because Cys is proceeding *in forma pauperis* in this action, the service attempts upon each defendant were made by a U.S. Marshal. *See* Fed. R. Civ. P. 4(c)(3); Dkt. No. 6. The Tenth Circuit has recognized "that good cause exists to excuse a plaintiff's failure to serve where the plaintiff is proceeding in forma pauperis and is therefore entitled to rely on service by the U.S. Marshal," at least where the plaintiff provided accurate information and "there is no evidence in the record that [the plaintiff] failed to cooperate with the U.S. Marshals or [was] otherwise not entitled to their service." *Olsen v. Mapes*, 333 F.3d 1199, 1204-05 (10th Cir. 2003); *see Johnson v. U.S. Postal Serv.*, 861 F.2d 1475, 1479-80 (10th Cir. 1988) (concluding the Marshal's Service was not culpable for failure to effect service where the plaintiff had named the wrong defendant).

7

Defendants do not contend that Cys provided inaccurate or insufficient information required for service. Under these circumstances, the Court concludes that Cys is entitled to additional time to serve Defendants Clark, Patchin, and Johnson. *See Pell v. Azar Nut Co.*, 711 F.2d 949, 950 n.2 (10th Cir. 1983) ("[W]hen a court finds that service is insufficient but curable, it generally should quash the service and give the plaintiff an opportunity to re-serve the defendant." (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1354, at 586–87 (1969))). Thus, the Court likewise rejects Defendants' argument that amendment of the complaint would be futile due to the insufficient service or process upon Defendants Clark, Patchin, and Johnson.

## CONCLUSION

IT IS THEREFORE ORDERED that:

(1) the Motion to Dismiss Plaintiff's Amended Complaint, filed by Defendants Shannon Clark, Christopher Cook, and Dr. Jennifer Patchin [Dkt. No. 27], and the Motion to Dismiss Plaintiff's Amended Complaint, filed by Defendants Okmulgee County Criminal Justice Authority and Kay Johnson [Dkt. No. 35] are GRANTED.

(2) Cys's amended complaint [Dkt. No. 13] is DISMISSED without prejudice, with leave to amend. Cys shall file a second amended complaint, within 21 days of this Order, to cure the deficiencies in his first amended complaint. If more space is need than that provided on the Court's Pro Se Prisoner Civil Rights Complaint form, Cys may attach additional pages. Failure to file a second amended complaint within 21 days will result in the immediate dismissal of this action, without further notice.

(3) The service of process upon Defendants Clark, Patchin, and Johnson [Dkt. Nos. 18, 19, and 29] is QUASHED.

(4) The Clerk of Court is DIRECTED to mail Cys, along with a copy of this Order, three USM-285 forms to complete for service of process by U.S. Marshal upon Defendants Clark, Patchin, and Johnson. The Clerk of Court is further DIRECTED to issue civil summonses for Defendants Clark, Patchin, and Johnson upon receipt of the completed USM-285 forms and to forward the issued summonses to the U.S. Marshal for service, along with a copy of the most recent complaint. Cys is afforded 60 days from the date of this Order to effect service of process upon Defendants Clark, Patchin, and Johnson.

(5) Defendants' Motion to Strike Plaintiff's Response to Defendants' Combined Reply to Plaintiff's Response to Defendants' Motion to Dismiss [Dkt. No. 48] is GRANTED and Cys's unauthorized sur-reply [Dkt. No. 47] is STRICKEN from the record.

(6) Plaintiff's Motion for Leave to File Surreply to Defendants' Combined Reply and Brief in Support [Dkt. No. 49] is GRANTED. The Court accepts the proposed sur-reply [Dkt. No. 49-1] as properly filed.

IT IS SO ORDERED this 10th day of September 2024.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE