

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

**PRO SE PRISONER CIVIL RIGHTS COMPLAINT**

FILED
NOV 22 2024
BONNIE HACKLER
Clerk, U.S. District Court
By_____
Deputy Clerk

Plaintiff's full name (Please print): David Christopher Gys

v.

Defendant(s)' full name (Please print):
Shannon Clark
Christopher Cook
Dr. Jennifer Patchin
Kay Johnson
Okmulgee County Criminal Justice Authority

Case No. **Amended** CIV-23-235-JFH-GLJ
(To be filled out by Clerk's Office only)

*For additional names please write "see attached" in the space above and attach an additional sheet of paper with the full list of names.* **The names listed in the above caption must be identical to those contained in Section IV, pursuant to Fed. R. Civ. P. 10(a).**

---

**NOTICE**

*Federal Rule of Civil Procedure 5.2 and Local Civil Rule 5.3 address the privacy and security concerns resulting from public access to electronic court files. Under these rules, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.*

***Each claim you raise must be properly exhausted.*** *If the evidence shows that you did not fully comply with an available prison grievance process prior to filing this lawsuit, the court may dismiss the unexhausted claim(s) or grant judgment against you. See 42 U.S.C. 1997e(a).*

***Plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.***

## I. JURISDICTION

*Indicate below the federal legal basis for your claim, if known.*

[X] 42 U.S.C. § 1983 (state, county, or municipal defendants)

[ ] Action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) (federal defendants)

## II. PLAINTIFF INFORMATION

David Christopher Cys
_____
Full name                                    Aliases

28762078
_____
Prisoner ID #

FCI Edgefield
_____
Place of Detention/Incarnation

P.O. Box 725
_____
Institutional Address

Edgefield          SC      29824
_____
City               State   Zip Code

## III. PRISONER STATUS

*Indicate whether you are a prisoner or other confined person as follows:*

[X] Pretrial detainee (1st) Timeframe covered by complaint
[ ] Civilly committed detainee
[ ] Immigration detainee
[ ] Convicted and sentenced state prisoner
[X] Convicted and sentenced federal prisoner as of 01/31/2024

## IV.  DEFENDANT(S)' INFORMATION

*List the following information for each defendant. If the correct information is not provided, it could result in the delay or prevention of service. Make sure that the defendant(s) listed below are identical to those contained on the first pate. Attach additional sheets of paper as necessary. Do not write on the backs of any additional sheets. See Local Civil Rule 5.2(a).*

same for all defendants

Defendant 1: Shannon Clark
Full Name

CEO + Executive Director, OCCJA
Current Job Title

C/o Collins Zorn + Wagner, PLLC
Current Work Address

429 NE 50th St., 2nd Floor

Oklahoma City   OK   73105 - 1815
City                State      Zip Code

Defendant 2: Christopher Cook
Full Name

Fmr. Deputy Exec. Dir., OCCJA
Current Job Title

_____
Current Work Address

_____
City                State      Zip Code

Defendant 3: Dr. Jennifer Patchin
*Full Name*

Contract Physician, OCCJA
*Current Job Title*

_____
*Current Work Address*

_____
*City*                *State*         *Zip Code*


Defendant 4: Kay Johnson
*Full Name*

Health Services Admin (HSA), OCCJA
*Current Job Title*

_____
*Current Work Address*

_____
*City*                *State*         *Zip Code*


Defendant 5: Okmulgee County Criminal Justice
*Full Name*

Authority (OCCJA)
*Current Job Title*

_____
*Current Work Address*

_____
*City*                *State*         *Zip Code*

## V. STATEMENT OF CLAIMS

### A. Claim 1

Date(s) of occurrence: __SEE ATTACHED__

Place(s) of occurrence: __ATTACHMENT "A"__

*State which of your federal constitutional or federal statutory rights have been violated:*

_____

***Briefly*** *state the FACTS that support your case. Provide **a short and plain statement** of how each named defendant was personally involved in the violation of your constitutional rights and why you are entitled to relief from each named defendant. See Fed. R. Civ. P. 8(a). Do not cite case law.*

**FACTS:**

_____
_____
_____
_____
_____

### B. Claim 2

Date(s) of occurrence: _____

Place(s) of occurrence: _____

*State which of your federal constitutional or federal statutory rights have been violated:*

_____

**FACTS:**

_____
_____
_____
_____
_____

### C. Claim 3

Date(s) of occurrence: _____

Place(s) of occurrence: _____

*State which of your federal constitutional or federal statutory rights have been violated:*

_____

**FACTS:**

_____
_____
_____
_____
_____

### D. Claim 4

Date(s) of occurrence: _____

Place(s) of occurrence: _____

*State which of your federal constitutional or federal statutory rights have been violated:*

_____

**FACTS:**

_____
_____
_____
_____
_____
_____

## VI. RELIEF REQUESTED

*Briefly state what you want the Court to do for you. Do not make legal arguments or cite cases or statutes.*

$50,000 compensatory ⎱ damage award
$100,000 punitive    ⎰

Enjoin OCCTA from withholding or refusing to prescribe ANY medication, controlled or otherwise, if ordered by a licensed physician.

## VII. PRISONER'S LITIGATION HISTORY

*The "Three Strikes Rule" bars a prisoner from bringing a civil action or an appeal in forma pauperis in federal court if the prisoner has "on three or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).*

Have you brought any other lawsuits in federal court while a prisoner?   ☐ Yes   ☒ No

    If yes, how many? _____

Number each different lawsuit below and include the following:

- Name of case (including defendants' names), court, and docket number
- Nature of claim made
- How did it end? (For example, if it was dismissed, appealed, or is still pending, explain below.)
- Did the court assess a "Strike" or find the dismissal a "Prior Occasion" pursuant to 28 U.S.C.1915 (g).

_____
_____
_____
_____
_____
_____
_____

## VIII. PLAINTIFF'S DECLARATIONS:

I declare under penalty of perjury that the foregoing is true and correct. To the best of my knowledge, information, and belief, this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

I agree to provide the Court Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Court Clerk's Office may result in the dismissal of my case.

_David Cyp_____     _11-15-2024_____
*Plaintiff's Signature*                                *Date*



I further declare under penalty of perjury that I placed this complaint in the prison's legal mail system, with the correct postage attached, on the  15  day of  Nov , 20 24

_David Cyp_____     _11-15-2024_____
*Plaintiff's Signature*                                *Date*


Rev. 07/2019                                                                                                           8

```
=======================
ATTACHMENT "A" - CLAIMS
=======================
```

Plaintiff brings his complaint under 42 U.S.C. Section 1983 and Oklahoma Tort Law. All events discussed occurred between the dates of April, 2023, and August, 2023. Plaintiff does not have any of the documents that show the exact dates, but the dates given are accurate to the best of his recollection.

---

CLAIM #1: Shannon Clark, CEO and Executive Director, OCCJA

---

FACTS: Clark is "where the buck stops," he is the man in charge. As such, he is ultimately responsible for all policies and procedures governing the operation of the OCCJA Detention Facility. Plaintiff spoke with Clark while waiting in the bookin area to be taken to a cell in solitary confinement. It should be noted that Plaintiff attempted to speak with every new staff member or correctional officer he came in contact with, trying to get someone to care enough to help. Clark gave his name when asked, but did not identify his role or responsibilities within OCCJA, and acted as if he was a "nobody" with no decision-making authority when in fact he was the ultimate authority. After Clark introduced himself I asked him if he could help me with my medication and shoes. Clark said he lacked the authority, when in fact Clark was the ultimate authority and was responsible for the polices of OCCJA and their consequences. Clark knew, or should have known, that refusing to provide controlled medications would have harmful effects on those inmates for whom they were medically necessary. Clark exacerbated his malfeasance and lied by omission in failing to identify his position within OCCJA. Clark further exacerbated his degree of personal culpability when he willfully made a false statement to Plaintiff, to wit: He lacked the authority to help. Clark could have solved the problem then and there. Instead, he avoided it.

VIOLATIONS: Clark is therefore guilty of Deliberate Indifference to Serious Medical Needs, Intentional Infliction of Emotional Distress and Willful Negligence.

---

CLAIM #2: Christopher Cook, Former Deputy Executive Director, OCCJA

---

FACTS: Cook met with Plaintiff in the presence of Sgt. Swayze on a Monday at 12:30pm in the central hallway of the Main Jail to discuss Plaintiff's medical needs. Cook stated the following, witnessed by Swayze: "If Dr. Patchin says you need to take Lyrica, then you will get Lyrica. If Dr. Patchin says you need supportive footwear, you shall have supportive footwear." Period. No ambiguity at all. Cook said I would see Patchin two days hence, on Wednesday morning. When Patchin examined me on Wednesday at approx. 9:00m, and I explained my medical history and needs, Patchin said she would be happy to order Lyrica and have my shoes be returned to me, but that she had no authority to do so. Plaintiff admonished Patchin of Cook's statement. Patchin called Cook on her cell phone and put it on speaker. Cook said he was at the Dept. of Labor in Oklahoma City. Patchin asked Cook if my recollection of our conversation was correct. Cook confirmed that it was. Patchin then said to Cook, "... but Lyrica is a controlled medication." Cook replied, "Oh, well, that's that, then" and hung up. Cook should have known of OCCJA's no controlled medications policy when we spoke and Cook should have asked if the medication I requested was controlled. He did not. Cook should have been aware of the consequences of OCCJA's policy to deny controlled medications. Cook exacerbated his degree of personal culpability by willfully gave false testimony to Plaintiff, to wit: telling Plaintiff he would honor Patchin's medical orders and failing to do so when Patchin asked. Cook further exacerbated his personal culpability by retaliating against Plaintiff when Plaintiff attempted to hold him accountable for his falsehood.

VIOLATIONS: Cook is therefore guilty of Deliberate Indifference to Serious Medical Needs, Intentional Infliction of Emotional Distress, Retaliation and Willful Negligence.

---

CLAIM #3: Dr. Jennifer Patchin, Contract Physician, OCCJA

---

FACTS: Patchin told Plaintiff during the Wednesday exam that she agreed Lyrica and supportive footwear were medically necessary for Plaintiff, but that she had no authority to override the no controlled medications policy nor did she have the authority to order that his shoes be returned to him. It is customary throughout the field of Corrections for Medical Orders to

override any conflicting Operational procedures or Security policies. This has been the case at every correctional facility Plaintiff has been in the custody of, with OCCJA being the only exception.

VIOLATIONS: If Clark and/or Cook overrode Patchin's medical training and sound medical advice, and Patchin failed to formally notify Clark and/or Cook of her objection, or failed to file a complaint with the appropriate regulatory body, then Patchin is guilty of Medical Malpractice and Willful Negligence. Any objection or complaint made by Patchin should be documented and available to be produced during discovery. If Patchin was complicit in the creation of the no controlled medications policy, including tacitly approving it by remaining silent when made aware of it, then Patchin is additionally guilty of Deliberate Indifference to Serious Medical Needs and Intentional Infliction of Emotional Distress.

---

CLAIM #4: Kay Johnson, Health Services Administrator, OCCJA

---

FACTS: It is customary throughout the field of Corrections for Medical Orders to override any conflicting Operations procedures or Security policies. This has been the case at every correctional facility that Plaintiff has been in the custody of, with OCCJA being the only exception.

VIOLATIONS: If Clark and/or Cook did overrode Johnson's medical training and sound medical advice, and Johnson failed to formally notify Clark and/or Cook of her objection, or failed to file a complaint with the appropriate regulatory body, then Johnson is guilty of Medical Negligence and Willful Negligence. Any objection or complaint made by Johnson should be documented and available to be produced during discovery. If Johnson was complicit in the creation of the no controlled medications policy, including tacitly approving it by remaining silent when made aware of it, then Johnson is additionally guilty of Deliberate Indifference to Serious Medical Needs and Intentional Infliction of Emotional Distress.

---

CLAIM #5: Okmulgee County Criminal Justice Authority (OCCJA)

---

OCCJA is a public trust and is the legal equivalent of the Sheriff's Department under Oklahoma law. OCCJA and Okmulgee County are liable for the official acts of their employees and assigns. Clark, Cook, Patchin and Johnson are all employed by or contracted with OCCJA, and, by extension, Okmulgee County.

OCCJA and Okmulgee County are responsible for the no controlled medications policy enacted and enforced by their officers, employees and assigns.