**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

**DAVID CHRISTOPHER CYS,**

**Plaintiff,**

**v.**

**SHANNON CLARK, et al.,**

**Defendants.**

**Case No. 23-CV-235-JFH-GLJ**

**OPINION AND ORDER**

This civil rights action, brought pursuant to 42 U.S.C. § 1983, is before the Court on numerous motions regarding the service of Defendants Shannon Clark ("Clark"), Christopher Cook ("Cook") and Kay Johnson ("Johnson"). Before addressing the pending motions, the Court must detail the case's lengthy background.

**BACKGROUND**

Plaintiff, David Christopher Cys ("Cys"), initiated this action on July 12, 2023, naming Cook, Clark and Dr. Patchin as defendants. Dkt. No. 1. On August 22, 2023, the Court granted Cys' motion for leave to file an amended civil rights complaint [Dkt. No. 9] and directed Cys to file his amended complaint on or before September 12, 2023. Dkt. No. 10. On August 29, 2023,[1] Cys filed his Amended Complaint naming Clark, Cook, Dr. Jennifer Patchin ("Patchin"), Johnson and Okmulgee County Criminal Justice Authority ("OCCJA") as defendants. Dkt. No. 13. Subsequently, summonses were issued for the five defendants. *See* Dkt. Nos. 15, 16, 17, 22 and

---

[1] The amended complaint was not filed until September 25, 2023, however Cys declared under penalty of perjury he placed the complaint in the prison's legal system on August 29, 2023. Dkt. No. 13 at 8. Pursuant to the prison mailbox rule, the filings are treated as having been "filed" on the date they are given to prison authorities for mailing to the Court. *See Price v. Philpot,* 420 F.3d 1158, 1165 (10th Cir. 2005).

23. Defendants then moved to dismiss, with Defendants Clark, Patchin, and Johnson arguing, in part, that they had not been properly served. Dkt. No. 27 at 4-7 (Clark and Patchin) and Dkt. No. 35 at 4-7 (Johnson).

On September 10, 2024, the Court found Cys failed to state a claim upon which relief may be granted against the defendants and granted Cys leave to file a second amended complaint on or before October 1, 2024. Dkt. No. 56. The Court cautioned Cys, "failure to file a second amended complaint [on or before October 1, 2024] will result in the immediate dismissal of this action, without further notice." *Id.* at 8.[2] The Court additionally found Cys had not properly served Defendants Clark, Patchin, or Johnson and provided Cys with another opportunity to serve them. *Id.* at 9.[3]

Cys filed his Second Amended Complaint on November 22, 2024. Dkt. No. 65. On November 22, 2024, the Court Clerk issued summonses for Patchin, Johnson and Clark. Dkt. Nos. 67, 68 and 69. The summonses were returned purportedly executed on December 5, 2024. Dkt. Nos. 70, 71 and 72. Defendants Patchin, Clark and Johnson then filed a Motion to Quash Service. Dkt. No. 73.

On November 17, 2025, the Court granted Defendants Patchin, Clark and Johnson's Motion to Quash Service, granted Cys leave to file a third amended complaint and directed Cys to complete and return five (5) blank summons in a civil action form (form AO-440) and five (5) blank service of process forms (form USM-285) in order to effectuate proper service of all defendants. Dkt. No. 83. The Third Amended Complaint was filed on November 17, 2025. Dkt. No. 84. On February 18, 2026, the Court Clerk issued summonses to all five (5) names Defendants.

---

[2] This deadline was later extended to November 25, 2024. Dkt. No. 63.

[3] Cook did not move to dismiss based on improper service. *See* Dkt. No. 27 at 4.

Dkt. Nos. 98-102.[4] The Court ordered the United States Marshals Service to effectuate service on or before April 24, 2026. Dkt. No. 103.

**A. Defendant Johnson**

On March 11, 2026, Johnson's summons was returned purportedly executed. Dkt. No. 104. On March 27, 2026, Defendant Johnson moved to quash service contending the wrong "Kay Johnson" was served at an address in Oklahoma City. *See* Dkt. No. 11. On May 7, 2026, well beyond the time to file a response to Johnson's Motion to Quash, Cys filed a Motion for Extension of Time to respond to Johnson's Motion to Quash. Dkt. No. 114. On June 8, 2026, Cys filed a Second Motion for Extension of Time to respond to Johnson's Motion to Quash. Dkt. No. 116. On June 15, 2026, instead of filing a response, Cys filed a Motion Requesting Issuance of Summons to Kay Johnson contending he believes he found her correct address in Tahlequah, Oklahoma. Dkt. No. 120. On June 15, 2026, Johnson moved to dismiss the Third Amended Complaint based upon Cys' failure to properly serve her. Dkt. No. 121. Cys responded in opposition. Dkt. No. 125. Johnson submitted a Reply. Dkt. No. 127.

---

[4] Re-serving summonses on all Defendants was an oversight by the Court based upon the age of the case, nature of the case with multiple defendants, and various service issues. The confusion appears to have originated with a November 22, 2024, Minute Order [Dkt. No. 66] directing the Clerk of Court to issue summonses for "the named defendants" in Plaintiff's Second Amended Complaint and Defendants Clark, Patchin, and Johnson's statement in their December 26, 2024, Motion to Quash regarding that Minute Order. Defendants Clark, Patchin, and Johnson asserted that, "[i]n contradiction to the Court's Minute Order, Summons was never requested or issued for Defendants Cook and OCCJA." Dkt. No. 73, at 5 & n.2 (citing Dkt. No. 66). The Clerk of Court, however, had correctly adhered to the Court's September 10, 2024, Opinion and Order in issuing new summonses only as to Defendants Clark, Patchin, and Johnson. *See* Dkt. No. 56, at 9. Service of process had been quashed only as to those three (3) defendants, and Defendants Cook and OCCJA had not challenged service of process in their original Rule 12(b) motions. *See* Dkt. Nos. 27, 35; Fed. R. Civ. P. 12(b), (h)(1).

**B. Defendant Clark**

On April 2, 2026, Clark's summons was returned unexecuted. Dkt. No. 113. On June 15, 2026, Clark moved to dismiss the Third Amended Complaint based upon Cys' failure to properly serve her. Dkt. No. 121. Cys responded in opposition. Dkt. No. 125. Defendant Clark submitted a Reply. Dkt. No. 127. On August 21, 2026, months after the summons was returned unexecuted and Clark moved to dismiss the Third Amended Complaint, Cys filed a Motion for Reissuance of Summons for Clark. Dkt. No. 128.

**C. Defendant Cook**

Based upon the Court's directive [Dkt. No. 83], a new summons was mistakenly issued to Cook on February 18, 2026. Dkt. No. 99; *see also supra* n. 4. While the Court is understanding of any confusion its directive may have caused, the Court will now correct its previous misstep.

Clark initially did not contest service but responded to the Amended Complaint by way of a Rule 12(b)(6) motion. *See* Dkt. No. 27, at 2 (stating Defendant Cook "consented to receive service by email"). "Once a person is properly served with a summons and then-operative complaint, he or she becomes a party to the case." *Bolongia v. Target Corp.*, Case No. CIV-25-635-JD, 2025 WL 3188416, at *4 (W.D. Okla. Nov. 14, 2026) (unpublished).[5] "Those parties do not need to be re-served with a summons when a plaintiff files a subsequent amended complaint[.]" *Id.* Further, by failing to raise the defense of insufficient service of process in his initial motion to dismiss, Defendant Cook waived the defense. Fed. R. Civ. P. 12(h)(1). Curiously, Cook did not respond in any manner to the Second Amended Complaint. *See* Docket. Nevertheless, by way of being served with the Amended Complaint [Dkt. No. 20] and failing to contest the sufficiency of

[5] The Court cites all unpublished decisions herein as persuasive authority. FED. R. APP. P. 32.1(a); 10th Cir. R. 32.1(A).

that service in his initial Rule 12(b) motion, Cook is precluded from now asserting the defense and must answer Plaintiff's operative pleading. Therefore, the pending Motion to Dismiss for Failure to Serve [Dkt. No. 121] is denied in part as it relates to Cook. Furthermore, Cook's Motion to Quash [Dkt. No. 112] and Cys' Motion Requesting Issuance of Summons to Cook [Dkt. No. 117] are denied as moot.

**D. Summary of Pending Motions**

It is against this backdrop that the following motions regarding service remain pending before the Court:

| | |
|---|---|
| Dkt. No. 111 | Johnson's Motion to Quash |
| Dkt. No. 120 | Cys' Motion Requesting Issuance of Summons to Johnson |
| Dkt. No. 121 | Clark and Johnson's Motion to Dismiss for Failure to Serve |
| Dkt. No. 128 | Cys' Motion Requesting Issuance of Summons to Clark |

The Court will begin by addressing Clark and Johnson's Motion to Dismiss. Dkt. No. 121.

**I. Motion to Dismiss**

Federal Rule of Civil Procedure 12(b)(5) authorizes a court to dismiss a complaint for insufficient service of process. "When a defendant seeks dismissal of a complaint based on insufficient service of process, the plaintiff bears the burden of proving that service was properly made." *Dunagan v. Lehnus*, Case No. 20-CV-393-CVE, 2021 WL 1234522, at *2 (N.D. Okla. Apr. 1, 2021) (unpublished) (citing *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1260 (D. Kan. 2008)). While Rule 12(b)(5) provides the procedure for challenging the sufficiency of service of process, Federal Rule of Civil Procedure 4 provides the methods for service of process. As relevant here,

> Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
> > (A) delivering a copy of the summons and of the complaint to the individual personally;
> >
> > (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or,
> >
> > (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). Oklahoma law provides that an individual may be served through personal service, by mail, or, in some circumstances, by publication. Okla. Stat. tit. 12, § 2004.

If a court determines that service is insufficient, dismissal is not required; rather, "when a court finds that service is insufficient but curable, it generally should quash the service and give the plaintiff an opportunity to re-serve the defendant." *Pell v. Azar Nut Co.*, 711 F.2d 949, 950 n.2 (10th Cir. 1983). Nevertheless, the district court "retains broad discretion to dismiss the action if it appears unlikely that proper service can or will be instituted." *Id.* And dismissal may be warranted if the plaintiff had sufficient opportunity to cure defects in service and failed to do so. *See Jones v. Frank*, 973 F.2d 872, 873-74 (10th Cir. 1992) (affirming district court's dismissal of complaint in light of the plaintiff's "complete failure to correct his service defects after being told what was wrong").

Here, Clark and Johnson contend they were not properly served. Clark was never served with the Third Amended Complaint. Dkt. No. 113. This information was available to Cys before the April 24, 2026 service deadline. *See* Dkt. No. 103. Cys took no affirmative steps to serve Clark until over two (2) months after Clark moved to dismiss his Third Amended Complaint [Dkt. No. 121] and almost four (4) months after the deadline to serve Defendant Clark had passed. *See*

Dkt. No. 128.

In defense of his failure to serve Clark, Cys offers that he "requested the status of service ordered by the Court on 06/08/2026." Dkt. No. 125 at 1. Cys' June 6, 2026 letter states, "Plaintiff has not received notice that Shannon Clark has been served, and if he has, Plaintiff has not received a reply to the summons." Dkt. No. 118 at 1. To the extent this statement can be considered a "request" for the status of Clark's service, Cys took no steps between the time the Court ordered the United States Marshals Service to serve Clark on February 23, 2026 [Dkt. No. 103], and June 8, 2026, to ensure Clark had been served. In all, the Court agrees service of Clark was insufficient pursuant to Federal Rule of Civil Procedure 12(b)(5).

Concerning service of Johnson, Johnson contends the improper "Kay Johnson" was served in Oklahoma City. Dkt. No. 111 at 5-6; *see also* Dkt. No. 123. Cys appears to acknowledge he served the wrong individual. Dkt. No. 120; Dkt. No. 114. Significantly, Johnson moved to quash the improper service on March 27, 2026, well before the April 24, 2026 deadline. Dkt. No. 111. While Cys did request extensions of time to respond to the motions to quash [Dkt. Nos. 114 and 116], Cys did not take any proactive step to properly serve Johnson until June 9, 2026, over a month and a half after Cys alleges he received a copy of the Motion To Quash. *See* Dkt. No. 114 at 1 and Dkt. No. 120. The Court agrees service of Johnson was insufficient pursuant to Federal Rule of Civil Procedure 12(b)(5).

Having concluded Cys has failed to properly serve Clark and Johnson, the Court must decide what the appropriate remedy is. Here, based upon the circumstances outlined within this Order, the Court concludes dismissal as to Clark and Johnson is appropriate.

First, Cys has demonstrated he is very capable of filings motions for extension of time. *See, e.g.*, 31, 36, 60, 88, 114, 116. Fatally, Cys never requested an extension of the time to serve

these defendants, even after being on notice he had not properly served them. *See* Docket.

Second, the Court provided Cys *three* (3) opportunities to serve Defendants Clark and Johnson. *See* Dkt. Nos. 15, 22, 68, 69, 101, 102. This Court has also provided Cys ample guidance regarding proper service. *See* Dkt. No. 63 at 3l; Dkt. No. 83 at 5-7; Dkt. No. 91 at 2-4. Additionally, the Court cautioned Cys on two (2), separate occasions, "Cys is advised to comply with Federal Rule of Civil Procedure 4 and that additional opportunities and guidance likely will not be provided." Dkt. No. 83 at 6 and Dkt. No. 91 at 4.

Third, despite the Court's prior warnings, Cys waited months after being on notice these Defendants had not been properly served to try to rectify the situation in any manner. *See* Dkt. Nos. 120, 128.

Against this backdrop, the Court concludes dismissal is appropriate. This case is now over three (3) years old, and all the defendants still are not in this case. The Court is not unsympathetic to Cys' *pro se*, incarcerated status. That is why Cys has been given leeway. However, at this point, the Court concludes Cys has failed to diligently engage in the process to properly serve Defendants Clark and Johnson. Therefore, the Court exercises its discretion to dismiss rather than provide Cys with a fourth chance to serve Defendants Clark and Johnson with the Third Amended Complaint. *See Towers v. Unified Gov't of Wyandotte Cnty.*, Case No. 24-4024-JAR-ADM, 2025 WL 2495319, at *7 (D. Kan. Aug. 29, 2025) (unpublished) (Dismissing amended complaint instead of giving plaintiff a third chance to properly serve the amended complaint filed more than one (1) year ago.).[6]

[6] The Court also concludes, in light of Cys' failure to seek an extension of time to serve these defendants, his unexplained delay between the time he became aware service was improper and seeking any relief from this Court, and the previous opportunities afforded to Cys, Cys has not shown good cause for his failure to serve Defendants Clark and Johnson within the time set by the Court. Fed. R. Civ. P. 4(m). Accordingly, the Court also dismisses the claims against Clark and

## II. Remaining Motions

Given the Court has dismissed Defendants Clark and Johnson based upon Cys' failure to properly and timely serve them, the Court finds the remaining, pending motions shall be denied as moot.

## CONCLUSION

IT IS THEREFORE ORDERED that Defendants Christopher Cook, Shannon Clark, Kay Johnson's Motion to Dismiss [Dkt. No. 121] is granted in part and denied in part. The Motion to Dismiss [Dkt. No. 121] is granted as it relates to Clark and Johnson. Cys' claims against Clark and Johnson are dismissed without prejudice based on insufficient service of process. The Motion to Dismiss [Dkt. No. 121] is denied as it relates to Cook.

IT IS FURTHER ORDERED that the Court Clerk shall terminate the following party Defendants: Shannon Clark and Kay Johnson.

IT IS FURTHER ORDERED that Cook shall file his response to Cys' Third Amended Complaint within fourteen (14) days of the date of this Opinion and Order.

IT IS FURTHER ORDERED Johnson's Motion to Quash [Dkt. No. 111], Cook's Motion to Quash [Dkt. No. 112], Cys' Motion for Extension of Time [Dkt. No. 114], Cys' Second Motion for Extension of Time [Dkt. No. 116], Cys' Motion Requesting Issuance of Summons to Christopher Cook [Dkt. No. 117], Cys' Motion Requesting Issuance of Summons [Dkt. No. 120] and Cys' Motion for Reissuance of Summons [Dkt. No. 128] are denied as moot.

Dated this 9th day of October, 2026.

JOHN F. HEIL, III
CHIEF UNITED STATES DISTRICT JUDGE

---

Johnson pursuant to Fed. R. Civ. P. 4(m).